# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Timothy Moxley, *et al.*,

    Plaintiffs,

v.

The Ohio State University,

    Defendant.

Case No. 2:21-cv-3838

Judge Michael H. Watson

Magistrate Judge Preston Deavers

## OPINION AND ORDER

In this case, seven named plaintiffs and twenty-seven unnamed plaintiffs (collectively "Plaintiffs") sue The Ohio State University ("Ohio State") based on sexual abuse they suffered at the hands of Dr. Strauss ("Strauss") while students at Ohio State. Amend. Compl., ECF No. 16. They sue Ohio State under the following theories of Title IX liability: (1) hostile environment/heightened risk; and (2) deliberate indifference to prior sexual harassment. *Id.* ¶¶ 900–36. It appears Plaintiffs base their Title IX claims on the abuse by Strauss, the sexually charged environment at Larkins Hall, and Ohio State's contemporaneous response—or lack thereof—when it learned about both. *Id.* Ohio State moves to dismiss all claims. Mot. Dismiss, ECF No. 17. Plaintiffs responded, Resp. ECF No. 24, and Ohio State replied. Reply, ECF No. 25.

The Court **GRANTS** Ohio State's motion to dismiss for the reasons set forth in the Opinions and Orders issued in *Garrett* and *Ratliff*. Case Nos. 2:18-

cv-692 and 2:19-cv-4746. The reasons requiring dismissal in those cases apply equally to this case. See, e.g., Amend. Compl. ¶¶ 2, 6, 16, 30–63, 67, 73, 76, 88–89, 92–93, 108–13, 120–22, 130, 137–39, 146–49, 153–57, 241–899, ECF No. 16.

The Court notes that Plaintiffs' response to Ohio State's motion to dismiss in this case is virtually identical—almost word for word—to the response filed in Snyder-Hill, et al. v. Ohio State University, Case No. 2:18-cv-736 ("Snyder-Hill"). Compare Resp., ECF No. 133, Case No. 2:18-cv-736 with Resp., ECF No. 24, Case No. 2:21-cv-3838. Accordingly, to the extent Plaintiffs in this case assert any claims or raise any arguments that are not addressed in the Garrett and Ratliff Opinions and Orders, the Court has addressed such claim or argument in the Snyder-Hill Opinion and Order.

The Court hopes that, notwithstanding the Court's ruling on the statute of limitations issue and fact that Ohio State's voluntary settlement program has closed, Ohio State will stand by its promise to "do the right thing," and continue settlement discussions with Plaintiffs.

The Clerk is **DIRECTED** to enter judgment for Ohio State and close the case.

**IT IS SO ORDERED.**

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT